IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRANDON MOYE, SR., | No. 3:19-cv-01176-HZ |
| Plaintiff, | |
| v. | |
| BURNSIDE FIRS, LLC, | OPINION & ORDER |
| Defendant. | |

HERNANDEZ, District Judge:

Pro se plaintiff Brandon Moye brings this action against Defendant Burnside Firs, LLC. Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income or assets, I grant the motion. However, for the reasons explained below, I dismiss the Complaint.

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

1 - OPINION & ORDER

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## DISCUSSION

### I. Allegations

Plaintiff brings a claim for what he alleges is unconstitutional gerrymandering under the Fourteenth Amendment. Compl. § IIA (explaining asserted basis for federal question jurisdiction), ECF 2. He contends that he was improperly evicted from a residence which he believes was in Portland and carried a Portland address but which Defendant, presumably Plaintiff's landlord, asserted was actually in Gresham. *Id.*, § III. According to Plaintiff, Defendant's insistence that the residence was in Gresham deprived Plaintiff of the benefits of Portland's "Relocation Act." *Id.* He further contends that his possessions were stolen and he is now homeless. *Id.*

### II. Failure to State a Claim

While an asserted violation of the United States Constitution establishes federal question

2 - OPINION & ORDER

jurisdiction, such claims against non-federal defendants are to be brought under 42 U.S.C. § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (§ 1983 supplies the cause of action for an alleged federal constitutional violation). There are two requirements for asserting a § 1983 claim: "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

The Complaint is devoid of any allegations stating, or implying, that Defendant was acting under color of state law. Defendant is asserted to be a private business and not a government actor. Compl. §§ IB, III. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Under some circumstances, a private individual may act under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (noting four different ways to identify "state action' for private actors: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.). None of those circumstances are alleged here. Even when construing Plaintiff's Complaint liberally, he fails to state a § 1983 claim because there are no facts indicating that Defendant acted under color of state law.

Plaintiff's Complaint fails to state a claim for an additional reasons. The essence of the allegations is that Defendant believed the residence was actually in Gresham, not in Portland, even though, according to Plaintiff, it carried a Portland address. Plaintiff alleges this constituted unlawful gerrymandering under the Fourteenth Amendment. The term "genrrymander" was coined in 1812 when the "Governor of Massachusetts and future Vice President Elbridge Gerry

notoriously approved congressional districts that the legislature had drawn to aid the Democratic-Republican Party. The moniker "gerrymander" was born when an outraged Federalist newspaper observed that one of the misshapen districts resembled a salamander." *Rucho v. Common Cause*, 139 S. Ct. 2484, 2494 (2019). The current definitions of the term include: (1) "to divide or arrange (a territorial unit) into election districts in a way that gives one political party an unfair advantage : to subject to gerrymandering"; and (2) to divide or arrange (an area) into political units to give special advantages to one group. https://www.merriam-webster.com/dictionary/gerrymander. Both the original and present uses of the term show that "to gerrymander" means an action taken to divide or arrange an area into a particular group or unit. Here, even assuming the truth of Plaintiff's allegation that Defendant asserted that the residence was in Gresham instead of Portland, this does not establish a claim of improper "gerrymandering." The alleged wrong was, at best, the misapplication of a previously determined city boundary and does not target an action by Defendant to divide or arrange a city boundary. Accordingly, Plaintiff fails to state a claim.

III. Leave to Amend

In civil rights cases where the plaintiff appears pro se, the court construes the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (*en banc*). Ordinarily a pro se litigant is given leave to amend his or her complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). However, if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). Here, the deficiencies of the § 1983 claim and the merits of the underlying gerrymandering claim cannot be cured by

amendment. Thus, I do not give leave to amend.

## CONCLUSION

Plaintiff's motion for leave to appear *in forma pauperis* [1] is granted. The Complaint [2] is dismissed with prejudice and without leave to amend. Any appeal of this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

IT IS SO ORDERED.

Dated this 31 day of August, 2019

Marco A. Hernandez
United States District Judge